NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK BRIGHT,<br><br>       Plaintiff,<br><br>v.<br><br>JAMES HOEBICH, *et al.*,<br><br>       Defendants. | Civil Action No. 24-9625 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon two motions to dismiss, the first filed by Defendants the Honorable James Hoebich, Charly Gayden, and Kimberly Milligan, (ECF No. 23), and the second filed by Defendants Tom Boylan, Brenda Gayden, Maria Cody, and the City of New Brunswick (collectively, "Defendants"), (ECF No. 25).[1] Plaintiff Frank Bright ("Plaintiff") filed an opposition to both motions. ("Opp. Br.," ECF No. 26.) Defendants replied. (ECF Nos. 29, 31.) Plaintiff filed a letter, which essentially operated as a sur-reply, (ECF No. 32), and Defendants opposed consideration of the letter, (ECF Nos. 33, 34). Plaintiff then filed a Motion for Leave to File Sur-reply, (ECF No. 35), and Defendants opposed, (ECF No. 36). The Court has considered the parties' submissions and resolves the pending motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motions (ECF Nos. 23, 25) are **GRANTED**, and the Amended Complaint ("AC," ECF No. 20) is **DISMISSED**.

---

[1] The first group of defendants adopts the arguments made by the second group of defendants. (ECF No. 23-2 at 25.)

I.   **BACKGROUND**

*Pro se* Plaintiff Frank Bright, who resides in New Brunswick, New Jersey, seeks redress for what he views as a pattern of harassment from a number of municipal officials and employees: Chief Municipal Court Judge of the New Brunswick Municipal Court James Hoebich (the "Chief Judge"); Housing Prosecutor for the City of New Brunswick Charly Gayden (the "Prosecutor"); Chief Housing Inspector for the City of New Brunswick Tom Boylan (the "Inspector"); Court Administrator for the City of New Brunswick Kimberly Milligan (the "Court Administrator"); Discovery Clerk for the City of New Brunswick Brenda Gayden (the "Discovery Clerk"); and Rent Control Board Administrator for the City of New Brunswick Maria Cody (the "Board Administrator"). (*See* AC.) Plaintiff also claims that the City of New Brunswick (the "City") is liable for the actions of its employees under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). (AC ¶¶ 49–53.)

The Court has already dismissed Plaintiff's Complaint once before. (*See generally* ECF No. 16, 17.) Plaintiff initially brought this action against these same Defendants sans the Board Administrator and the City. (*See* ECF No. 1.) Plaintiff sued the Chief Judge, Prosecutor, Inspector, Court Administrator, and Discovery Clerk in their official and individual capacities. (*See id.*) The Court construed all official capacity claims as claims against the City and dismissed them without prejudice for failure to adequately allege municipal liability under *Monell*. (ECF No. 16 at 6–7.) The Court dismissed the individual capacity claims against the Chief Judge and Court Administrator with prejudice under the doctrines of judicial and quasi-judicial immunity and similarly dismissed the individual capacity claims against the Prosecutor and Discovery Clerk with prejudice under the doctrine of prosecutorial immunity. (*Id.* at 7–10.) Finally, the Court dismissed the individual capacity claims against the Inspector without prejudice for failure to state a claim for First Amendment retaliation. (*Id.* at 11–12.) To sum things up, all official capacity claims and

the individual capacity claim against the Inspector were dismissed *without prejudice*; the individual capacity claims against the Chief Judge, Prosecutor, Court Administrator, and Discovery Clerk were dismissed *with prejudice*.

On June 5, 2025, Plaintiff filed his AC. The AC brings claims against the Chief Judge, Prosecutor, Court Administrator, and Discovery Clerk in their official capacities and claims against the Inspector in his individual and official capacities. (AC ¶¶ 9–13.) Plaintiff also added an official capacity claim against the Board Administrator and a claim against the City. (*Id.* ¶¶ 8, 14.)

Plaintiff alleges that he has been involved in local politics for three decades in various roles including as a "City Commissioner" and as "chairman of the opposition party," and that "[t]he [M]ayor of New Brunswick supported a rally that was titled 'Kick Frank Bright Out of New Brunswick.'" (*Id.* ¶¶ 15–18.) He alleges that the Chief Judge "has a business and personal relationship with the Mayor," (*id.* ¶ 19), and that the Prosecutor "donates to the [M]ayor,"[2] (*id.* ¶ 20).

Plaintiff claims that he "has been issued several property maintenance violations which were without basis and were not issued to similarly situated neighbors who were not politically active and did not express views critical of the City" and that various procedural irregularities occurred in adjudicating these violations.[3] (*Id.* ¶¶ 21–22.) He claims that the Chief Judge had "ex-

---

[2] The Court notes that any discussion of these political activities or the Mayor's status as a political adversary of Plaintiff was conspicuously absent from Plaintiff's initial complaint. (*See generally* ECF No. 1.)

[3] This is not Plaintiff's first dispute with the City to make its way into federal court. Plaintiff has twice before sued the City. Both times those cases were dismissed, and those dismissals were affirmed by the United States Court of Appeals for the Third Circuit. *See Heine v. Dir. of Codes & Standards*, No. 15-8210, 2017 WL 3981135 (D.N.J. Sept. 11, 2017), *aff'd sub nom. Heine v. Bureau Chief Div. of Fire & Safety*, 765 F. App'x 816 (3d Cir. 2019) (per curiam); *Fabics v. City of New Brunswick*, No. 14-2202, 2014 WL 11394518 (D.N.J. Nov. 13, 2014), *aff'd* 629 F. App'x 196 (3d Cir. 2015) (per curiam). Those cases, like

parte communications with City officials about Plaintiff," and "scoff[ed]" at his right to appeal. (*Id.* ¶¶ 37–38.) In one of these proceedings, Plaintiff was held in contempt of court.[4] (*Id.* ¶ 25.) He claims that the Prosecutor admitted that the contempt of court ruling was designed to "slander" Plaintiff if he pleaded guilty "or cost him thousands" if he appealed. (*Id.* ¶ 39.) He further alleges that after he appealed the contempt ruling, "the amount and frequency of summonses for property maintenance violations increased drastically." (*Id.* ¶ 26.)

Specifically, he alleges that, during 2023 and the first half of 2024, the Inspector issued 72 summonses on a single property. (*Id.* ¶ 27.) These summonses were, allegedly, based on "questionable code violations," not always forwarded to Plaintiff leading to warnings for failure to appear, and "not consistent with standard enforcement practices and . . . not issued to similarly situated residents who did not express views critical of the City." (*Id.* ¶¶ 27–30.) He claims that the Inspector "admitted under oath that tickets written against Plaintiff were arbitrary and capricious and involved at least three (3) layers of municipal departmental decision makers in a deliberate attempt to harass Plaintiff." (*Id.* ¶ 35.) He alleges that the Prosecutor was "aware" of his "political views and activity" and pursued enforcement of these summonses "despite clear indications that the citations were baseless or retaliatory in nature." (*Id.* ¶ 36.) He also claims that the Prosecutor lied about the existence of a "dossier" containing previous lawsuits filed by Plaintiff. (*Id.* ¶ 40–41.) He alleges that at a court hearing on July 8, 2024, the Chief Judge "denied

---

this one, concerned disputes about housing inspections. *See Heine*, 2017 WL 3981135, at *7 (noting that that case and *Fabics* concerned such disputes).

[4] While Plaintiff repeatedly mentions the contempt of court, the AC fails to note that such order was affirmed by the Superior Court of New Jersey, Appellate Division. *See State v. Bright*, No. A-2137-22, 2024 WL 1599156, at *2 (N.J. Super. Ct. App. Div. Apr. 12, 2024) (per curiam). The Court takes judicial notice of this opinion. *See Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) ("[W]e may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion." (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999))).

medical treatment to Plaintiff" despite Plaintiff being ill. (*Id.* ¶ 23.)

He further alleges that, "[i]n 2023, the Rent Control Board of New Brunswick . . . pursued a complaint alleging standard of service violations." (*Id.* ¶ 31.) The Rent Control Board did not attempt to mediate the matter, as purportedly "required" by the Rent Control Board's "informational brochure." (*Id.*) Moreover, the complaint against Plaintiff took up "an inordinate amount of time," and the Inspector provided testimony that contradicted the complainant at one of the hearings. (*Id.* ¶¶ 33–34.)

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against all Defendants for retaliation in violation of his First and Fourteenth Amendment Rights. (*Id.* ¶¶ 44–48.) He also brings a *Monell* claim against the City for retaliation. (*Id.* ¶¶ 49–53.) Plaintiff asks the Court to (i) dismiss the citations, (ii) order that certain statements be read at the beginning of hearings, (iii) order that the City and Prosecutor need to follow the New Jersey Rules of Court regarding Discovery, and (iv) damages of $1 and a written apology, or if no apology is provided, $300,000 in damages.

Across both of their pending motions, Defendants move to dismiss this action on the following grounds: (i) failure to state a claim, (ii) law of the case, (iii) statute of limitations, (iv) judicial immunity (as to the Chief Judge and Court Administrator), (v) prosecutorial immunity (as to the Prosecutor), (vi) the *Rooker-Feldman* Doctrine, (vii) collateral estoppel, and (viii) *Younger* abstention. (*See generally* ECF Nos. 23-2, 25-1.)

## II. LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, allegations that are

5

"no more than conclusions" must be disregarded. *Id.* at 679. Restatements of the elements of a claim are legal conclusions, and therefore, are inadequate alone to survive dismissal. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). A court accepts allegations in the complaint as true and gives the plaintiff "the benefit of every favorable inference to be drawn therefrom." *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992).

In assessing *pro se* complaints, courts are obligated to "liberally construe[]" the litigant's pleading. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, all litigants, including *pro se* litigants, must put forth sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Rivera v. Monko*, 37 F.4th 909, 914 (3d Cir. 2022) ("*[P]ro se* litigants . . . must still allege sufficient facts to support a claim." (cleaned up)).

### III. DISCUSSION

Plaintiff's AC includes individual and official capacity claims against the Inspector and only official capacity claims against the Chief Judge, Prosecutor, Court Administrator, Discovery Clerk, and Board Administrator. It also includes a claim against the City. The Court first addresses all official capacity claims and the claim against the City before moving on to the remaining individual capacity claim against the Inspector.

#### A. OFFICIAL CAPACITY CLAIMS AND CLAIMS AGAINST THE CITY

Plaintiff alleges that all six of the individual defendants are employees of the City. (AC ¶ 50.) "Suits against local government officials in their official capacities are viewed as suits against the local government, an entity that can be sued under 42 U.S.C. § 1983." *Abdullah v. Cohen*, No. 17-4006, 2017 WL 4779601, at *2 (D.N.J. Oct. 23, 2017) (citing *Monell*, 436 U.S. at 690); *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Accordingly, as it did in the

previous opinion, the Court construes all official capacity claims and claims against the City under *Monell*. (*See* ECF No. 16 at 6.)

Under *Monell*, a municipality can only be liable under Section 1983 in two situations: (i) where an official policy or custom is the impetus for a constitutional violation or (ii) when a plaintiff's injuries were caused by a municipality's failure or inadequacy—such as a failure to train, supervise, or discipline ("failure theory"). *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019). The Court first inquires as to the municipality's policy or custom. Such a policy or custom need not be formally enacted or in writing to qualify under *Monell*; a "pertinent decision" by a person with authority on a subject can qualify as an official policy. *Porter v. City of Phila.*, 975 F.3d 374, 383 (3d Cir. 2020) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84 (1986)). Either way, there can be no municipal liability under the first path where an individual employee did not act pursuant to an alleged policy or custom. *Id.*

Here, Plaintiff claims that "[t]he City maintained a policy or custom of retaliating against individuals for exercising free speech" and that "[t]he City's policy or custom was the moving force behind the constitutional violations suffered by Plaintiff." (AC ¶¶ 51, 53.) These statements, however, are "threadbare recitals" of legal elements and "conclusory statements" that the Court need not credit in deciding a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) ("The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."). The *facts* in Plaintiff's AC must "show" an entitlement to his requested relief. *Fowler*, 578 F.3d at 211.

Although Plaintiff alleges extensive friction between himself and various officials, he does not allege facts substantiating a policy-or-custom *Monell* claim. Nowhere does Plaintiff point to "an official proclamation, policy or edict by a decisionmaker possessing final authority to establish

7

municipal policy on the relevant subject" as is required to show a policy. *Forrest*, 930 F.3d at 105. Plaintiff also does not show a "course of conduct so well-settled and permanent as to virtually constitute law" as is necessary to show a custom. *Id.* at 106. Plaintiff claims that the Mayor disliked him, but nowhere does he claim that this animosity led to the creation of any official policies or customs amounting to law. Plaintiff chronicles the alleged misdeeds of various city officials, but nowhere does he claim that they were acting pursuant to any sort of official policy or custom or that the officials had authority to create "final government policy." *Pembaur*, 475 U.S. at 483; *see Porter*, 975 F.3d at 385 ("The fact that a particular official has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. Rather, the official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." (cleaned up) (quoting *Pembaur*, 975 U.S. at 481–83)). In fact, Plaintiff alleges that the actions he complains of were "not consistent with" various policies. (AC ¶¶ 30–31.) This plain acknowledgment indicates that Plaintiff has failed to adequately plead liability under *Monell*. *See Lada v. Del. Cnty. Cmty. Coll.*, No. 08-4754, 2009 WL 3217183, at *8 (E.D. Pa. Sept. 30, 2009) ("[U]nder *Monell* [,] subordinate employees impose liability by following policy, not when they disregard it." (alterations in original) (quoting *Simmons v. Uintah Health Care Special Dist.*, 506 F.3d 1281, 1286 n.5 (10th Cir. 2007))). Therefore, Plaintiff has failed to plead a policy or custom to establish municipal liability under *Monell*.[5]

Moreover, Plaintiff fails to plead a "failure theory" *Monell* claim. Plaintiff alleges that "[t]he City's failure to train or supervise its inspectors and other employees amounted to deliberate

---

[5] Plaintiff attempts to bolster his custom or policy argument by pointing to additional facts in his brief. (*See* Opp. Br. at 10–11.) However, it is axiomatic that facts contained within a brief but not the complaint cannot be considered at the motion to dismiss stage. *E.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007).

indifference to the rights of persons with whom they came into contact." (AC ¶ 52). Again, the Court will not consider this "conclusory statement[]." *Iqbal*, 556 U.S. at 678; *see also Fowler*, 578 F.3d at 210–11. Plaintiff's AC provides no facts suggesting any elements of a failure to train claim. *See Forrest*, 930 F.3d at 106 (providing the elements of a failure to train claim); *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) ("Establishing municipal liability on a failure to train claim under § 1983 is difficult. A plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred."). Accordingly, Plaintiff has failed to adequately plead a failure to train claim under *Monell*.[6]

Because Plaintiff has failed to adequately plead a *Monell* claim under either a policy or custom theory or a failure to train theory, Plaintiff's claims against the City and his official capacity claims against all Defendants are **DISMISSED**.

Because any further amendment would be "futile," dismissal is with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). While the Court holds Plaintiff's complaint to "less stringent standards in light of [his] pro se status," at least three reasons counsel in favor of dismissal with prejudice. *Estate of Fabics v. City of New Brunswick*, 674 F. App'x 206, 210 (3d Cir. 2016). *First*, Plaintiff pleads facts affirmatively demonstrating and acknowledging that he is not entitled to relief, such as by stating that the actions at issue were "not consistent with" municipal policies. (AC ¶¶ 30–31); *see Ross v. Meagan*, 638 F.2d 646, 649 (3d Cir. 1981) ("A complaint that sets out sufficient facts to demonstrate affirmatively that the plaintiff has no right

---

[6] Again, Plaintiff attempts to plead additional facts in his opposition brief, (*see* Opp. Br. at 11), but again, these cannot be considered by the Court, *e.g.*, *Frederico*, 507 F.3d at 201–02.

to recover is properly dismissed without leave to amend." (citing *Estelle*, 429 U.S. at 107–08 & n.16)), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). *Second*, Plaintiff's allegations related to *Monell* liability are almost entirely conclusory. *See Negron v. Holguin*, No. 16-3965, 2018 WL 1535233, at *4 (D.N.J. Mar. 28, 2018) (dismissing complaint with prejudice for similar reasons). *Third*, Plaintiff has already had one chance to amend his complaint to properly allege *Monell* liability, and he has failed to do so. *See Brown v. Cantineri*, No. 14-6391, 2017 WL 481467, at *2 (D.N.J. Feb. 6, 2017) ("Because I have already given [plaintiff] one opportunity to amend, this dismissal is with prejudice."). Collectively and individually, these reasons all support dismissing Plaintiff's *Monell* claim and official capacity claims with prejudice.[7]

### B.   INDIVIDUAL CAPACITY CLAIMS AGAINST THE INSPECTOR

Having dismissed all official capacity claims and the claims against the City, this leaves only Plaintiff's individual capacity claim against the Inspector. Plaintiff claims that the Inspector—along with the other, now dismissed, Defendants—retaliated against Plaintiff for the exercise of his First Amendment rights.[8] (AC ¶¶ 44–48.) To plead a First Amendment retaliation claim, Plaintiff must allege that (1) he "engaged in conduct protected by a right in the Constitution," (2)

---

[7] As discussed above, Defendants raise a number of possible grounds for dismissal. "[T]he Court need not address every reason to dismiss the Amended Complaint." *Thompson v. Cobham*, No. 12-1041, 2012 WL 2374724, at *1 (D.N.J. June 22, 2012). Nonetheless, because the *Rooker-Feldman* doctrine is jurisdictional, the Court does note that the doctrine does not deprive the Court of jurisdiction in this case because Plaintiff is not seeking to appeal any state-court judgment. *See In re Adams*, 151 F.4th 144, 156 (3d Cir. 2025) ("The *Rooker-Feldman* doctrine is narrow, and it applies only when a federal plaintiff improperly invokes the jurisdiction of a district court to appeal—in fact or in effect—a state-court judgment."); *Nellom v. Del. Cnty. Domestic Rels. Section*, 145 F. Supp. 3d 470, 482–83 (E.D. Pa. 2015) (holding that *Rooker-Feldman* did not apply to a First Amendment retaliation claim); *cf. Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 425 (3d Cir. 2003) (holding that *Rooker-Feldman* did not apply to discrimination claim based on selective prosecution).

[8] Because Plaintiff has failed to establish *Monell* liability, the Court need not address the First Amendment retaliation claims against the City or other Defendants in their official capacities. *See Frierson v. St. Francis Med. Ctr.*, No. 07-3857, 2011 WL 3423930, at *17 (D.N.J. Aug. 4, 2011) ("[M]unicipal liability requires (1) that plaintiff's harm was caused by a constitutional violation, and (2) that the municipality is responsible for that violation . . . ." (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992))).

Defendants "engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising [his] constitutional rights," and (3) a "causal link existed between the protected activity and the retaliatory action." *Falcone v. Dickstein*, 92 F.4th 193, 205 (3d Cir. 2024) (internal quotation marks omitted).

Even assuming that the first two elements are met, Plaintiff's claim falters on the third. "[F]or protected conduct to be a substantial or motiving factor in a decision, the decisionmaker[] must be aware of the protected conduct." *Ambrose v. Twp. of Robinson*, 303 F.3d 488, 493 (3d Cir. 2002). Here, Plaintiff claims that his protected activity was "engaging in political activity and Free Speech" and appealing the contempt ruling. (Opp. Br. at 8.) However, his AC contains no allegation that the Inspector actually knew about any of these activities. At one point, Plaintiff claims that the Inspector "admitted under oath that tickets written against Plaintiff were arbitrary and capricious and involved at least three (3) layers of municipal departmental decision makers in a deliberate attempt to harass Plaintiff." (*Id.* ¶ 35.) However, this allegation fails to state *what* Plaintiff was being harassed for—there is no indication that the Inspector was "aware" of Plaintiff's conduct or political views at all. *Ambrose*, 303 F.3d at 493. Therefore, the AC fails to show the "causal link" element of a First Amendment retaliation claim. *Falcone*, 92 F.4th at 205 (internal quotation marks omitted).[9] Accordingly, the individual capacity claim against the Inspector is **DISMISSED**.[10]

Whether dismissal of the individual capacity claims against the Inspector should be with or without prejudice presents a close call. While the Court has already dismissed the First

---

[9] Here too, Plaintiff attempts to allege additional facts in his briefing that the Court cannot consider. (*See* Opp. Br. at 9); *Frederico*, 507 F.3d at 201–02.

[10] The Court has reviewed Plaintiff's proposed sur-reply, and it does not in any way alter the Court's analysis. Accordingly, Plaintiff's Motion for Leave to File Sur-reply (ECF No. 35) is **DENIED**. *See Ross v. Hayt, Hayt & Landau, LLC*, No. 15-1506, 2015 WL 8781307, at *5 n.4 (D.N.J. Dec. 14, 2015).

11

Amendment retaliation claim against the Inspector on substantially similar grounds, nonetheless, the Court will give Plaintiff the benefit of the doubt due to his *pro se* status and dismiss this claim without prejudice. *See Avetzuk v. Hertz Corp.*, No. 23-22568, 2025 WL 559845, at *9 (D.N.J. Feb. 20, 2025) (compiling cases allowing *pro se* Plaintiffs to amend their complaint); *cf. Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (not allowing leave to amend because Plaintiff "already had two chances to tell his story").

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED**. All official capacity claims and the claim against the City are dismissed with prejudice. The claim against the Inspector in his individual capacity is dismissed without prejudice. An appropriate Order accompanies this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: November 24, 2025